IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v ) | CR. NO. 3:13cr100-WKW |
| ) | |
| RICKY VAN LE ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the court is the defendant's motion for miscellaneous relief (doc. # 289) filed on January 22, 2014. The court heard oral argument on the motion on January 30, 2014. For the reasons which follow, the motion is due to be granted in part and denied in part.

The defendant first seeks the universal adoption of all objections and motions filed in this multi-defendant case. It is not the practice of this court to permit the wholesale adoption of motions or objections in criminal cases. Consequently, this aspect of the motion will be denied.

The defendant next seeks permission to conduct an independent medical examination of the dogs at issue in this case. At oral argument, the United States did not oppose the examination but requested that the examination, to the extent possible, be coordinated with the Federal Defender's examination of the dogs. Accordingly, the defendant's motion to examine the dogs will be granted, provided that the defendant coordinate the examination with the Federal Defender's to the extent possible.

Finally, the defendant seeks to modify the conditions of his release by the removal of

electronic monitoring.  At oral argument, the defendant argued that he had obeyed all the conditions of his release to date; that the trial of this case has been continued from February until May, 2014; and electronic monitoring is an unnecessary burden on the court system. The United States and the United States Pretrial Services Officers oppose this aspect of the motion because the defendant's circumstances have not changed since he was released on electronic monitoring.[1]  The defendant has failed to present good cause to modify the conditions of release.  Circumstances have not changed favorably to warrant the removal of electronic monitoring.  This aspect of the motion will be denied.

Accordingly, upon consideration of the motion, and for good cause, it is

ORDERED as follows:

1.   That, to the extent the defendant seeks the universal adoption of all objections and motions filed in this case, the motion be and is hereby DENIED.

2.   That, to the extent the defendant seeks to conduct an independent medical examination of the dogs at issue in this case, that motion be and is hereby GRANTED provided that the defendant coordinate his examination with the examination by the Federal Defender's to the extent possible.

---

[1] At oral argument, defense counsel represented to the court that the defendant's pretrial services officer in Mississippi had sent a letter to the court indicating no opposition to the removal of electronic monitoring.  However, after the hearing, the defendant's pretrial services officer in this district informed the court that no letter had been received, and that it was the officer's understanding that no letter would be forthcoming because upon further investigation, the officer in Mississippi became aware that the defendant has subsequently been indicted on a pending marijuana charge.  Consequently, to the extent that there are changed circumstances, they have changed by the defendant's indictment on marijuana charges and the change militates against altering the defendant's conditions of release.

3. That, to the extent that the defendant seeks to modify his conditions of release by the removal of electronic monitoring, that motion be and is hereby DENIED.

Done this 31st day of January, 2014.

        /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE